UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――――――

MARIANNA WEINER,

                    Plaintiff,

-v-

JPMORGAN CHASE BANK, N.A.,

                    Defendant.

21-CV-5957 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Marianna Weiner brings this action against JPMorgan Chase Bank, N.A. ("Chase"), alleging violations of the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.* ("TILA") because Chase allegedly issued an unsolicited credit card in her name and refuses to reverse unauthorized charges on that credit card. Chase asserts that Weiner's claims are time barred and moves to dismiss under Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Chase's motion is granted.

**I.  Background**

The following facts, drawn from the amended complaint (Dkt. No. 12), are presumed true for the purposes of this motion.

Weiner works as a dentist and is domiciled in Kings County, New York. (Dkt. No. 12 ¶ 5.) Chase is a national banking association headquartered in the state of Delaware and is the legal entity of JP Morgan Chase & Co.'s credit card business. (Dkt. No. 12 ¶ 6.)

Weiner briefly partnered with another dentist, Marc N. Benhuri, to form an operating entity called 200 Central Park South Dentistry ("CPSD") in September 2017. (Dkt. No. 12 ¶ 7.) Weiner subsequently opened a Chase business bank account in November 2017 for CPSD. (Dkt. No. 12 ¶ 8.) A few months later, Weiner received a credit card in her name from Chase. (Dkt.

1

No. 12 ¶ 9.)  Weiner never requested, authorized, or activated this credit card.  (Dkt. No. 12 ¶¶ 11–12.)  Benhuri, without Weiner's knowledge or consent, charged over $18,000 to this credit card for his personal dental practice.  (Dkt. No. 12 ¶ 13.)  A representative from Chase's fraud department later called Weiner in March 2018 and advised her of the charges on the credit card in her name.  (Dkt. No. 12 ¶ 15.)  After Weiner informed the Chase representative that she never applied for a credit card or activated one, the Chase representative told Weiner that Chase would reverse the unauthorized charges and close the credit card account.  (Dkt. No. 12 ¶ 16.)  The next month, in April 2018, Weiner's counsel served a certified letter on Chase reiterating what Weiner told the Chase representative and demanding information and documents related to the credit card in her name.  (Dkt. No. 12 ¶ 17.)  Chase accepted the certified letter and signed a return receipt on April 20, 2018, but Chase never responded in any manner.  (Dkt. No. 12 ¶ 18.)  To the best of Weiner's knowledge, Chase has still not reversed the unauthorized charges or closed the credit card in her name.  (Dkt. No. 12 ¶ 19.)

Weiner initiated this action in May 2021 in New York state court, and Chase removed the action to this Court in July 2021.  (Dkt. No. 1.)  Weiner later filed an amended complaint.  (Dkt. No. 12.)  Chase now moves to dismiss the amended complaint.  (Dkt. No. 13.)

## II.     Legal Standard

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is facially plausible when a plaintiff pleads facts that would allow "the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "The Court must accept as true all well-pleaded factual allegations in the complaint, and 'draw [ ] all inferences in the plaintiff's favor.'"  *Goonan v. Fed. Rsrv. Bank of N.Y.*, 916 F. Supp. 2d 470, 478 (S.D.N.Y.

2013) (alteration in original) (quoting *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

### III. Discussion

Weiner's claims are time barred. The TILA requires parties to file any actions within "one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). That said, district courts in this circuit have measured the start of the TILA's statute of limitations "from the point at which a consumer would reasonably have been put 'on notice that a violation had occurred.'" *Schwartz v. HSBC Bank USA, N.A.*, 160 F. Supp. 3d 666, 680 (S.D.N.Y. 2016) (quoting *Baskin v. G. Fox & Co.*, 550 F. Supp. 64, 67 (D. Conn. 1982)). Based on her allegations, Weiner was on notice that an unsolicited credit card was opened in her name, and that there were unauthorized charges on the card, when a representative from Chase's fraud department called her in March 2018. Yet Weiner waited until May 2021 to file this action. It is true that the Chase representative told Weiner in March 2018 that Chase would reverse the charges and close the credit card account. The Court concludes, however, that equitable tolling does not apply here. "Equitable tolling applies 'in rare and exceptional circumstances, where . . . extraordinary circumstances prevented a party from timely performing a required act, and . . . the party acted with reasonable diligence throughout the period [s]he [sought] to toll." *Latouche v. Wells Fargo Home Mortg. Inc.*, 752 Fed. App'x. 11, 13 (2d Cir. 2018) (quoting *Walker v. Jastremski*, 430 F.3d 560, 564 (2d Cir. 2005)). Weiner's counsel sent Chase a certified letter about the credit card in April 2018 — after a Chase representative's assurance that Chase would close the account — but Chase never responded or confirmed that it had closed the account. The allegations show that, rather than continue to act diligently to ensure that Chase closed the

account, Weiner instead waited more than three years after sending that letter to initiate this action. The Court accordingly dismisses this action.

### IV. Conclusion

For the foregoing reasons, Chase's motion to dismiss is GRANTED.

The Clerk of Court is directed to close the motion at Docket Number 13 and to close the case.

SO ORDERED.

Dated: May 18, 2022
New York, New York

_____
J. PAUL OETKEN
United States District Judge